**Charles Ray SCHWEDE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09 85 104 CR.**

Court of Appeals of Texas,
Beaumont.

April 9, 1986.

Richard D. Hughes, Hughes, Moore, & Sikes, Nederland, for appellant.

John R. DeWitt, Asst. Crim. Dist. Atty., Beaumont, for appellee.

OPINION

DIES, Chief Justice.

Appellant was convicted by a jury of murder, and the jury assessed his punishment at fifty years confinement in the Texas Department of Corrections. Appeal has been perfected to this court on four grounds of error, as follows:

1. "The trial court erred in admitting into evidence, over Appellant's timely objections, State's Exhibit 2, being the written statement of Appellant of June 13, 1984, because it was obtained as a result of custodial interrogation and without an effective waiver of his right to counsel after he had requested to terminate the questioning until he could talk to an attorney, and in violation of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Texas Constitution and Articles 38.21 and 38.22 of the Texas Code of Criminal Procedure."

2. "The trial court erred in admitting into evidence, over Appellant's timely objections, State's Exhibit 2, being the written statement of Appellant of June 13, 1984, because the statement was impermissibly tainted by the fact that police obtained a prior statement (Defendant's Exhibit B) on June 12, 1984, as a result of custodial interrogation and without the statement on its face showing that Appellant received, prior to the making of such statement, a magistrate's warning or that Appellant was informed of his Art. 38.22 rights by the person taking the statement."

3. "The trial court erred in failing to grant Appellant's timely motion for mistrial because of the prejudicial jury argument by the prosecution commenting upon the failure of the Appellant to testify."

4. "The trial court erred in overruling Appellant's request for an instructed verdict of acquittal, because the evidence was insufficient to show that Appellant intentionally and knowingly killed his wife as alleged in the indictment."

The statement of facts reveals, inter alia, the following testimony:

"Q Charles, it is important that everyone in the courtroom, in the jury box, hear your testimony. Charles, on June 12th, 1984, did you shoot and kill Marta Schwede?

"A Yes (Defendant sobbing)."

Appellant then went on to testify as to the events, the conversations with his wife, and his reason for shooting her.

At another point in Appellant's testimony, he testified:

"Q Did she [wife] turn around?

"A Yes.

"Q As she turned around and put her back to you, Charles, tell the jury what you did.

"A She took a step towards me—

"Q Backwards or frontwards?

"A Frontwards.

"Q What did you do, Charles?

"A I grabbed her around the neck.

"Q Did you shoot her?

"A Yes (sobbing).

"Q Do you remember pulling the trigger?

"A I heard two shots.

"Q Did she fall to the floor?

"A Yes."

The case at bar, and the challenges to the trial we have quoted in the beginning of this opinion, are, we think, governed by the seminal case of *DeGarmo v. State,* 691 S.W.2d 657 (Tex.Crim.App.1985). There, against his attorney's advice, at the punishment stage of the trial, the appellant testified (at 660):

" 'I was the one that was there and I was the one that did the crime. So, now you can at least sleep well knowing that you picked the right person and not thinking you might not have ...' "

The court held that by admitting his guilt at the punishment phase of the trial, he not only waived a challenge to the sufficiency of the evidence, but he also waived any error that might have occurred during the guilt stage of the trial. The court also repeated, citing *Bodde v. State,* 568 S.W.2d 344, 348 (Tex.Crim.App.1978), that a defendant is not deprived of due process of law by testifying at the punishment hearing, and his testimony resulting in waiving any error that might have occurred during the guilt stage of the trial. The court also wrote this important principle (at 661):

"Thus, evidence presented at the punishment stage of the trial may be considered in determining whether the evidence is sufficient to sustain a guilty verdict for the primary offense."

In the case at bar, Appellant's testimony, which we have quoted herein, was elicited during the punishment phase of the trial. What we did not quote was certain of his testimony which was calculated to—and no doubt did (considering the punishment awarded)—create sympathy for him on the part of the jury. This, of course, is a defendant's right but, in doing so, his complete testimony may be reviewed by an appellate court in addressing defendant's challenges on appeal. By Appellant's judicial admission of guilt, we hold that he has waived the grounds of error first set out in this opinion. These grounds of error are overruled.

The judgment of the trial court is affirmed.

Affirmed.