Jeffrey Lewis DAUGEREAU, Appellant,

v.

The STATE of Texas, Appellee.

No. 13-88-202-CR.

Court of Appeals of Texas, Corpus Christi.

Sept. 28, 1989.

Thomas Sullivan, Downey & Sullivan, Brownsville, for appellant.

Ben Euresti, Jr., Dist. Atty., Brownsville, for appellee.

Before NEY, C.J., and KENNEDY, and BENAVIDES, JJ.

## OPINION

KENNEDY, Justice.

A jury found that appellant forged a check and assessed his punishment, enhanced by two prior felony convictions, at 25 years in the Texas Department of Corrections. We affirm.

In his first and second points of error, appellant contends the trial court erred in admitting his confession into evidence. Although appellant objected to the admission of the confession at trial, we agree with the State that he subsequently waived any objection by testifying at the punishment phase of trial and admitting his guilt. Where a defendant takes the stand at the punishment phase and admits guilt, he waives any error which might have occurred during the guilt phase of trial. *De-Garmo v. State*, 691 S.W.2d 657, 661 (Tex. Crim.App.1985); *Schwede v. State*, 707 S.W.2d 731, 732 (Tex.App.—Beaumont 1986, no pet.) (waiver of right to challenge written statement); *see Brown v. State*, 617 S.W.2d 234, 236 (Tex.Crim.App.1981). Moreover, appellant not only testified at the punishment phase that he took funds

from the victim as accused, but he testified that his confession was true. Accordingly, appellant cannot now complain that the confession was improperly admitted into evidence. *Cf. Reeves v. State*, 566 S.W.2d 630, 633 (Tex.Crim.App.1978); *Owens v. State*, 503 S.W.2d 271, 272 (Tex.Crim.App. 1974). Appellant's first two points of error are overruled.

■ In his third point of error, appellant contends that the evidence is insufficient to sustain the conviction. While normally a defendant admitting guilt at the punishment stage would be foreclosed from challenging the sufficiency of the evidence under the *DeGarmo* rule, it appears that an exception to this rule applies where the defendant admits doing the conduct but contends that his conduct is insufficient to satisfy the statutory requirement of the offense for which he was convicted. *See Jones v. State*, 532 S.W.2d 596 (Tex.Crim. App.1976); *Tullos v. State*, 698 S.W.2d 488 (Tex.App.—Corpus Christi 1985, pet. ref'd). Appellant contends that the conduct which he admitted doing shows that he committed theft, not forgery, so that the evidence is insufficient to sustain his conviction for forgery.

■ Theft is defined by Tex.Penal Code Ann. § 31.03 (Vernon 1989), which states in part:

(a) A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property.

(b) Appropriation of property is unlawful if:

(1) it is without the owner's effective consent.

Forgery is defined in Tex.Penal Code Ann. § 32.21 (Vernon 1989). Forgery means "to alter, make, *complete*, execute, or authenticate any writing so that it purports to be the act of another who did not authorize the act." (emphasis ours.)

We now quote from appellant's statement regarding how he obtained and completed the check from Mrs. Bailey, the victim in this case:

"I met up with Luther in Corpus Christi. Luther told me he was having financial difficulty and he wanted me to sell insurance with him. I told Luther that I already had a job with Corpus Christi Water Resources. I worked at Corpus Christi Water Resources for about a month, but I wasn't making any money. I decided to contact Luther and tell him that I would sell insurance. Around the first week of March 1987, Luther and I started selling insurance together. While we were working together, Luther told me that he knew of a way that we could make a lot of money and not have to work for a month. Luther told me we could pick up a hitch-hiker and use the hitch-hiker to cash checks obtained from elderly insurance clients, and that the checks would be for at least $2,000.00.

We were in Luther's Blazer, which is two-tone blue and gray in color. While enroute, Luther stopped and picked up a hitchhiker between Brownsville and Harlingen. The hitch-hiker identified himself as Henry Garza. While traveling, Luther asked Henry if he was interested in making some money. Henry said yes. Luther then told him of the plan to cash a check and that Henry would receive 10% from the total amount of the check. Henry told Luther that he needed some money. After pickup (sic) Henry we continued to Mission.

The next day Luther picked up Henry and met me at an H.E.B. We went to Brownsville. We were in my vehicle which was a 1980 Datsun 280 ZX blue in color. "Luther and I went to the home of Ivada Bailey. Luther and I had decided that if we got a check from Mrs. Bailey we would have her approve us cashing the check if the bank called her. While I was talking to her, Luther was rummaging through some drawers. After closing the insurance deal, I filled out a check for $4,400.00 and Mrs. Bailey signed it. We left the house. Henry went into the bank. Awhile later, Henry comes out and stated that the bank kept the check and his drivers license. Luther called his bluff and Henry started laughing and then pulled the money out of his

pocket. Luther and I split the $4,000.00 and we gave Henry $400.00. We left Brownsville and went to Harlingen."

Ivada Bailey testified that two men whom she could no longer positively identify came to her home, ostensibly to sell her insurance. One was younger, nice-looking; the other had a beard. She was seeking hospitalization insurance and remembered them mentioning a figure of "a hundred eleven and something." According to Bailey, she signed the check and then handed it to the younger man to complete in the amount mentioned. She testified that, as they left she heard him say he filled it in for $4,400.00. She further testified that she did not authorize that amount. The check in question was cashed for $4,400.00 by Henry H. Garza. Garza was the named payee. Bailey did not authorize Garza as payee.

▆ When sufficiency of the evidence is challenged a reviewing court must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim.App. 1989). Bailey testified to facts establishing the corpus delicti of the offense. Appellant admitted by his statement that he filled in the unauthorized amount. This is sufficient evidence for the jury to find appellant committed the forgery alleged. It follows, therefore, that there is no fatal variance between the indictment and the proof adduced at trial. Point three is overruled.

We affirm the judgment of the trial court.