Degrate v. State 







AFFIRMED
JUNE 21, 1990

NOS. 10-89-036-CR
                             10-89-037-CR
Trial Court
#'s 88-939-C &
    88-940-C
IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

BRIAN KEITH DEGRATE,
   Appellant
v.

THE STATE OF TEXAS,
   Appellee

* * * * * * * * * * * * *

 From 54th Judicial District Court
McLennan County, Texas

* * * * * * * * * * * * *

On pleadings of not guilty, appellant Brian Keith Degrate was
found guilty by a jury in a consolidated trial of the felony
offenses of murder and possession of a prohibited weapon. 
Punishment was assessed by the jury at confinement in the
penitentiary for a term of forty years for the offense of murder
and confinement in the penitentiary for a term of fifteen years for
the offense of possession of a prohibited weapon. Appellant seeks
reversal of the judgments of conviction on eight points of error
contending (1), (2) and (3) his Batson objection was improperly
overruled; (4) his confession should not have been admitted into
evidence because it was the fruit of an illegal arrest; (5) his
record as a juvenile offender was erroneously allowed into evidence
during the punishment phase of the trial; (6) the hearsay statement
of a State's rebuttal witness was improperly allowed to impeach
appellant's witness on defense; (7) and (8) appellant's requested
instructions to the jury on mistake of fact and self-defense were
improperly overruled.
The two cases have been briefed together on appeal by
appellant and the State, and we shall review them together.
Appellant sets forth correctly in his brief that "Following
completion of the voir dire [of the jury venire], a petit jury was
selected and seated, and the remaining venire panel dismissed,
whereupon appellant objected outside the presence of the jury that
[the prosecutor had] excluded all minority races from the jury
panel, resulting in an all-white jury panel, thus raising a Batson



objection"; that "Appellant's attorney further stated for the
record that Appellant, Brian Keith Degrate, is a Black Male"; and
that the record is unclear as to whether or not the petit jury was
sworn before or after appellant made his Batson objection. After
the court had heard the prosecutor explain the use of his
peremptory strikes against the minority members of the venire
panel, appellant's Batson objection was overruled. Errors assigned
to that ruling are set forth in appellant's first three complaints
on appeal. They are overruled because appellant's Batson objection
was not timely, since it was not made until after the venire panel
was dismissed. Henry v. State, 729 S.W.2d 732, 737 (Tex.Cr.App.
1987); Cooper v. State, S.W.2d (Tex.Cr.App. 1990), case
number 211-89, opinions delivered March 28, 1990, and June 6, 1990. 
Points of error 1, 2 and 3 are overruled.
The indictment charging appellant with possession of a
prohibited weapon alleged that he possessed "a short-barrel
firearm, to-wit: a rifle." The indictment charging appellant with
causing the death of Joyce Marie Carpenter contained three counts
alleging that "with a deadly weapon, to-wit: a firearm," appellant
(1) intentionally caused the death of Carpenter by shooting her in
the chest, (2) caused the death of Carpenter when committing an act
clearly dangerous to human life by shooting at Roberta Henderson
and several other named persons, intending to cause serious bodily
injury to those persons, and (3) recklessly caused the death of
Carpenter by firing a firearm in her direction. All three theories
of the homicide alleged by the State were submitted to the jury. 
The prohibited weapon established by the evidence was a sawed-off
.22-caliber rifle. 
Appellant's confession inculpated him as the owner and
possessor of the sawed-off rifle on the occasion in question and as
the person who fired the shot that killed the deceased. Appellant
complains in his fourth point of error that his confession of guilt
was erroneously admitted into evidence because it was the fruit of
an illegal arrest, arguing that the arrest should have been made
but was not made under a warrant. We overrule this complaint
because any error which might have occurred was waived when
appellant admitted his guilt and the truth of his confession, line-by-line, during his testimony at the punishment phase of the trial. 
Owens v. State, 503 S.W.2d 271, 272 (Tex.Cr.App. 1974); Daugereaux
v. State, 778 S.W.2d 577 (Tex.App.--Corpus Christi 1989, no pet.);
Schwede v. State, 707 S.W.2d 731, 732 (Tex.App--Beaumont 1986, no
pet.); DeGarmo v. State, 691 S.W.2d 657, 661 (Tex.Cr.App. 1985).
The State's witnesses on the issue of punishment included a
former field worker for the County Juvenile Probation Department,
a parole officer for the State Youth Commission and two city police
officers who testified that appellant's reputation for being a
peaceful and law-abiding citizen was bad. Appellant testified at
the punishment phase of the trial, held one year after the offense
was committed, that his age was eighteen. In his fifth complaint,
appellant urges reversible error in the reputation testimony from
the four witnesses just mentioned on grounds that the evidence was
of such a nature as to inform the jury of prior juvenile
delinquency adjudications against appellant, inadmissible under the
provisions of Art. 37.07, Vernon's Annotated Code of Criminal
Procedure, at the time the adjudications were made, and that the
evidence was of such a nature as to at least inform the jury that
appellant had a juvenile record. These arguments are without
merit. None of the witnesses was asked about any adjudications of
juvenile delinquency or other specific matters. Their testimony
concerned only the general reputation of appellant for being a
peaceable and law-abiding citizen. There was no evidence
introduced before the jury that appellant had a juvenile record. 
After being qualified, a juvenile officer is as competent as any
other witness to testify concerning a defendant's reputation. 
Ellis v. State, 543 S.W.2d 135, 138 (Tex.Cr.App. 1976); Chandler v.
State, 744 S.W.2d 341, 345 (Tex.App.--Austin 1988, no pet.). The
fifth point of error is overruled.
In his sixth, seventh and eighth points of error appellant
asserts that the trial court erred in permitting impeachment by
hearsay testimony of appellant's only witness at the
guilt/innocence phase of the trial, in overruling appellant's
requested instructions to the jury on the issue of mistake of fact
surrounding his knowledge that he possessed a prohibited weapon,
and in overruling requested instructions to the jury on self-defense. These complaints are overruled because they were waived
when appellant admitted his guilt at the punishment stage of the
trial to both crimes for which he has been found guilty. 
[T]he present law in Texas is that if a defendant does
not testify at the guilt stage of the trial, but does
testify at the punishment stage of the trial, and admits
his guilt to the crime for which he has been found
guilty, he has, for legal purposes, entered the
equivalent of a plea of guilty. The law as it presently
exists is clear that such a defendant not only waives a
challenge to the sufficiency of the evidence, but he also
waives any error that might have occurred during the
guilt stage of the trial.
DeGarmo v. State, 691 S.W.2d 657, 661 (Tex.Cr.App. 1985). 
As noticed earlier in this opinion in our discussion of point
of error number four, at the punishment phase of the trial
appellant admitted the essential elements of the State's case
surrounding his shooting of the deceased. He also admitted that
the weapon used was "a small .22-caliber sawed-off rifle." A
picture in evidence of the firearm appellant used supports the
testimony that it was a sawed-off .22-caliber rifle approximately
eighteen and one-half inches long, with a barrel about nine inches
long. A person commits the offense of possession of a prohibited
weapon if he intentionally or knowingly possesses a rifle with a
barrel of less than sixteen inches. V.T.C.A., Penal Code, sections
46.01(10) and 46.06. 
Furthermore, considered on their merits, appellant's sixth,
seventh and eighth points do not present reversible error. The
evidence is virtually undisputed that appellant became involved in
an argument with Roberta Henderson in front of an apartment
complex; that Roberta threatened appellant with a knife; that
appellant was carrying the weapon in question concealed under his
coat; that Roberta followed appellant and Jerome Tatum down the
sidewalk from the apartment complex to a bridge that crossed a
nearby creek; that appellant and Jerome Tatum walked across the
bridge while appellant and Roberta continued their argument; that
as appellant crossed the bridge he removed the gun from under his
coat, dropped the clip, picked up the clip and placed it in his
pocket; that when he reached the end of the bridge he replaced the
clip in the gun, told Tatum, "Rome, I'm going to scare these
whores," then turned and fired two shots in the general direction
of the apartment complex; and that one of bullets struck and killed
the deceased, Joyce Carpenter. Jerome Tatum's testimony was
substantially the same. In light of the entire record, if there
was preserved error in the court's ruling on the admission of
testimony impeaching Jerome Tatum, it is our determination beyond
a reasonable doubt that the error made no contribution to
appellant's conviction or punishment. 
To raise the defensive theory of mistake of fact, evidence
must show "that the actor through mistake formed a reasonable
belief about a matter of fact." V.T.C.A., Penal Code, Section
8.02. There was no evidence at trial about appellant's beliefs
surrounding his posession of the prohibited weapon or the nature of
the weapon, although there was testimony concerning Tatum's
thoughts about the gun. The evidence did not raise mistake of
fact. Montgomery v. State, 588 S.W.2d 950, 953 (Tex.Cr.App. 1979). 
When appellant fired the shots he was on one end of the bridge
across the creek and Roberta Henderson was on the other end, a
distance admitted by appellant of about twenty yards. Appellant
could have easily retreated if he was in fear of harm, as he said
he was; and in fact he turned his back toward Roberta and walked
away after he fired the shots. Furthermore, there was no evidence
of immediate need to use deadly force. The evidence did not raise
self-defense. Bray v. State, 634 S.W.2d 370, 372-73 (Tex.App.--Dallas 1982, no pet.). 
Appellant's points and contentions are overruled. The
judgments are affirmed.
 
                          VIC HALL
DO NOT PUBLISHJustice