**Daniel Ray TAYLOR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–90–181–CR.**

Court of Appeals of Texas, Waco.

Nov. 6, 1991.

Annette K. Hanna, College Station, for appellant.

Bill R. Turner, Dist. Atty., Kyle Davis, Asst. Dist. Atty., Bryan, for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

CUMMINGS, Justice.

Daniel Ray Taylor appeals his conviction for burglary of a habitation. Taylor was found guilty by a jury, and, as a result of two prior convictions which enhanced the range of punishment, the jury assessed his punishment at forty-years confinement in prison and a $1,500 fine.

In his first and second points of error, Taylor contends that the trial court erred in admitting his confession into evidence because it was not voluntarily given and because of a lack of probable cause for the initial stop and arrest. Although Taylor objected to the admission of the confession at the guilt-innocence phase of the trial, he subsequently waived any objection by testifying at the punishment phase of trial and admitting his guilt. *See Daugereau v. State*, 778 S.W.2d 577, 578 (Tex. App.—Corpus Christi 1989, no pet.). When a defendant takes the stand at the punishment phase and admits guilt, he waives any error which might have occurred during the guilt-innocence phase of the trial. *Id.; see also DeGarmo v. State*, 691 S.W.2d 657, 661 (Tex.Crim.App.1985), *cert. denied*, 474 U.S. 973, 106 S.Ct. 337, 88 L.Ed.2d 322 (1985).

During the punishment phase of the trial, Taylor testified on direct examination as follows:

Q: Had you eaten that day?

A: No, I didn't eat that day. That's what happened, see. I got to drinking that beer, I kind of got hungry, you know, and I said, "Dang, ain't got no money." I said, well, I guess I'll walk. I went to walking, you know, and I seen this house. I didn't know nobody stayed there at the house, you know. And I went around the house, you know and looked. Didn't see nobody, you know. And I went in the house and wasn't nothing in there, you know. I seen a TV, and I just get the TV; maybe make me 5 or $6.00 off of it or something.

Q: Daniel Ray, why did you do this?

A: I don't know. You know, I just messed up, you know. That's my first time I ever did it, burglary, because I ain't never did nothing like that in my whole life.

On cross-examination by the state, Taylor testified:

Q: You spent your last money on the 25th on beer?

A: Yeah.

Q: Broke in a house and took a television?

A: Yeah.

Q: You admit to the jury now that you're guilty of the charge?

A: Yeah.

Because Taylor admitted at the punishment phase that he was guilty of the burglary, he cannot now complain that the confession was improperly admitted into evidence. *See Daugereau*, 778 S.W.2d at 578–79. Points one and two are overruled.

■ In point of error three, Taylor complains that the trial court erred in allowing the burglary victim to testify regarding other burglaries that have no relation or relevancy to this case or to Taylor. On cross-examination by Taylor, the victim testified as follows:

Q: There wasn't anything else taken from the house other than the blanket and the TV; is that right?

A: Not that date.

Q: Your home has been broken into on other occasions. Is that what you are referring to?

A: It was broken into four times in the month of April.

Q: Was that before or after this.

A: This was the last time.

Q: Well, you're not—you don't have any reason to think that Daniel Ray broke into your house all those times, do you?

A: I don't—I wouldn't say that. I don't have any idea who did it.

When the state attempted to clarify the circumstances of the three previous burglaries during redirect examination of the victim, Taylor objected to the relevancy of the victim's testimony. The state is correct in arguing that Taylor waived any possible error concerning the previous burglaries by first opening the door and going into the facts while questioning the victim on cross-examination. *See Mulder v. State*, 707

S.W.2d 908, 914 (Tex.Crim.App.1986); *see also Ellis v. State*, 741 S.W.2d 466, 470 (Tex.App.—Tyler 1987, pet. ref'd), *cert. denied*, 488 U.S. 850, 109 S.Ct. 132, 102 L.Ed.2d 105 (1988). Point three is overruled.

■ In point of error four, Taylor complains that the trial court erred in overruling Taylor's objection to the state's improper jury argument that requested "a verdict fair to your community." During the punishment phase of the trial the prosecutor made the following argument:

In sum, ladies and gentlemen, the State would just urge you to render a fair verdict. That's a verdict fair to the Defendant but also a verdict fair to your community. Taylor objected to the argument and now contends that such an argument constituted an appeal to the jury to "heed the community's wishes."

The prosecutor's argument was not error. Jury argument that is designed to induce the jury to assess the defendant a particular punishment because "the community" desires such is improper. *Motley v. State*, 773 S.W.2d 283, 293 (Tex.Crim.App.1989). However, the argument set out above does not fall within the impermissible category of argument. As in *Motley*, there was no demand for a specific result based upon community sentiment. *See id.* The prosecutor was asking the jury to be fair in assessing the punishment. As an argument for law enforcement, it fell within the parameters of acceptable jury argument. *Id.* Point of error four is overruled.

The judgment is affirmed.