Evans v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-90-105-CR

        STEVE EVANS,
                                                                                       Appellant
        v.

        THE STATE OF TEXAS,
                                                                                       Appellee
 

 From the 12th District Court
Leon County, Texas
Trial Court # 7309-B
                                                                                                                
                                                                     
O P I N I O N
                                                                                                     

          Appellant was convicted by a jury of the burglary of Percy Westmoreland's home in
Normangee and assessed forty years in prison and a $2,000 fine. See Tex. Penal Code Ann.
§ 30.02 (Vernon 1989). He argues that during the voir-dire examination the court allowed the
State to improperly inform the jury that he had confessed and that the admission of the taped
confession into evidence was error.
          In points two through five, Appellant asserts that the court erred in denying his motion to
suppress the taped confession and in admitting it into evidence because it was the product of an
unlawful arrest and was not voluntary. He also asserts that the taped confession should have been
excluded because a copy of the recording was not furnished to his attorney "not later than the 20th
day prior to trial."
          The State points out that a defendant who testifies at the punishment stage of his trial and
admits his guilt has, for legal purposes, entered the equivalent of a plea of guilty. See DeGarmo
v. State, 691 S.W.2d 657, 661 (Tex. Crim. App. 1985), cert. denied, 474 U.S. 973, 106 S.Ct.
337, 88 L.Ed.2d 322 (1985); Taylor v. State, 819 S.W.2d 248, 249 (Tex. App.—Waco 1991, no
pet.). By his admission, he waives the right to complain of any error that may have occurred
during the guilt stage of the trial. Id. Furthermore, any error in admitting evidence is cured when
the same evidence is admitted later without objection. Id.; Villareal v. State, 811 S.W.2d 212,
217 (Tex. App.—Houston [14th Dist.] 1991, no pet.).
          At the punishment stage, Appellant responded affirmatively when asked by the State if he
had burglarized Mr. Westmoreland's home. Having thus admitted his guilt, he waived the right
to complain about the court's admitting the confession into evidence. See id. We overrule points
two through five.
          In point one, Appellant complains that the court allowed the State to use the term
"confession" five times during a short voir-dire narrative about the jury's role when the defendant
contests the voluntariness of a confession.
          Jury questions are proper when they seek to discover a juror's views on an issue applicable
in the case. Smith v. State, 703 S.W.2d 641, 643-44 (Tex. Crim. App. 1985). Questions that
reveal a potential juror's bias against any of the law applicable in the case cannot be considered
improper voir dire because bias against the law is grounds for a challenge for cause. Id. When
a fact issue about the use of a confession is raised, the jury must determine the issue under proper
instructions from the court. Tex. Code Crim. Proc. Ann. art. 38.22 (Vernon 1979).
          Here, Appellant filed a motion to suppress the confession prior to trial and contested the
voluntariness of the confession at trial. Thus, the State knew that Appellant had raised an issue
that might be decided by the jury and consequently had the right to question the jury panel about
possible bias towards the law applicable to the issue. See Smith, 703 S.W.2d at 643-44. We
overrule point one.
          We affirm the judgment.
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed February 5, 1992
Do not publish



pan>

Dissenting opinion delivered and
filed May 9, 2007

Publish