**Thomas Earl LEWIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–87–00861–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 8, 1988.

Joan E. Scroggins, Scroggins & Scroggins, Caldwell, for appellant.

Charles J. Sevesta, Dist. Atty., Larry Urquhart, Moorman, Tate, Moorman & Urquhart, Brenham, for appellee.

Before JACK SMITH, WARREN and DUGGAN, JJ.

## OPINION

JACK SMITH, District Judge.

A jury convicted appellant of burglary. After appellant pleaded true to the enhancement allegation, the jury found it true, and assessed punishment at 25 years' imprisonment.

In his first point of error, the appellant contends that the trial court erred in overruling his motion for an instructed verdict based upon insufficiency of the evidence.

■ The evidence adduced at trial reflects that in December 1982, a burglary of the complainant's home and barn occurred. Among the items stolen was a saddle. Less than a month after the burglary occurred, appellant was seen in possession of the stolen saddle. Appellant attempted to sell the saddle to several acquaintances, and was finally successful. After an investigation led the police to the buyer of the saddle, the saddle was returned to the police, and it was identified by the complainant as his stolen saddle. At trial, appellant did not testify and offered no evidence in explanation of why he had been in possession of the stolen property.

■ It is well established that the recent unexplained possession of all or any part of the items taken in a burglary is sufficient to sustain a conviction for burglary. *Ward v. State,* 581 S.W.2d 164, 168 (Tex.Crim.App.1979). An inference of a defendant's guilt of a burglary or of a theft may arise from the appellant's possession of property stolen or taken in a recent theft or burglary. However, in the prosecution for either a theft or a burglary, to warrant such an inference of guilt from the circumstances of possession alone, such possession must be personal, must be recent, must be unexplained, and must involve a distinct and conscious assertion of right to the property by the defendant. *Rodriguez v. State,* 549 S.W.2d 747, 749 (Tex.Crim. App.1977).

We hold that the evidence introduced at trial was sufficient to permit a rational trier of fact to find that the appellant was guilty of burglary. The trial court properly overruled appellant's motion for a directed verdict.

Appellant's first point of error is overruled.

■ In his second point of error, appellant argues that the trial court violated his Fifth Amendment right against self-incrimination by asking him, in the jury's pres-

ence, to enter a plea to the enhancement paragraph at the commencement of the penalty stage of the trial.

Prior to trial, the court granted appellant's motion to be arraigned outside the presence of the jury. The motion asked that the appellant be permitted to voice his plea of "not guilty" at the time of his arraignment outside the jury's presence. The motion made no mention of the enhancement allegation.

Appellant's trial was bifurcated on the issues of guilt and punishment. At the punishment stage, the prosecutor presented to the jury for the first time the enhancement paragraph in the indictment alleging appellant's prior felony conviction for burglary. The trial court asked appellant if he pleaded true or not true to the allegation. Appellant responded "true." No objection was made to the trial court's question or appellant's answer. Appellant now contends that this procedure constituted a violation of his pre-trial motion.

Appellant's pre-trial motion specifically addressed itself to appellant's arraignment; no mention was made in the motion to the punishment phase of trial. Moreover, the procedure employed by the trial court did not violate appellant's rights under the Fifth Amendment. The Court of Criminal Appeals has repeatedly recognized that where a jury is to assess punishment after finding a defendant guilty in the first phase of a bifurcated trial, an enhancement allegation of a prior conviction should be read to the jury for the first time when the punishment hearing commences, and the defendant should be required to enter a plea of either "true" or "not true" in order to join issue on the enhancement portion of the indictment. *See, e.g., Sylvestor v. State*, 615 S.W.2d 734, 736–737 (Tex.Crim. App.1981); *Harvey v. State*, 611 S.W.2d 108, 111 (Tex.Crim.App.1981); *Davis v. State*, 429 S.W.2d 895, 896 (Tex.Crim.App. 1968), *cert. denied*, 393 U.S. 1096, 89 S.Ct. 885, 21 L.Ed.2d 786 (1969).

Appellant's second point of error is overruled.

■ In his third point of error, appellant argues that the evidence of prior convic-

tions was admitted by an invalid stipulation at the punishment stage, depriving him of his Sixth Amendment right to effective assistance of counsel.

After appellant had pleaded true to the enhancement allegation, the prosecutor offered by stipulation and agreement, a pen packet concerning appellant's prior conviction for burglary and certified copies of records concerning appellant's conviction for attempted burglary. No objection was made by defense counsel to the offering of this evidence.

Appellant argues that his attorney's stipulation to the admission of these exhibits was invalid, because the stipulation was not reduced to writing, signed by the appellant in open court, and approved by the trial court, as required by Tex.Code Crim. P.Ann. art. 1.15 (Vernon 1977). However, it was not necessary that appellant consent to the stipulations in writing pursuant to art. 1.15, as this provision is applicable only to non-jury trials. *Matthews v. State*, 414 S.W.2d 938, 939 (Tex.Crim.App.1967). We find no merit to this contention.

Appellant's third point of error is overruled.

■ In his fourth and fifth points of error, appellant contends that the trial court erred in allowing improper and prejudicial jury argument by the prosecutor during both the guilt-innocence and punishment stages of trial. A review of the record reflects that no objection was made to the prosecutor's argument on the points raised on appeal. These points of error have not been properly preserved for review. *See Johnson v. State*, 629 S.W.2d 953, 954 (Tex.Crim.App.1982).

Appellant's fourth and fifth points of error are overruled.

In his sixth point of error, appellant contends that the charge to the jury on punishment contained an impermissible comment on the weight of the evidence.

■ The jury charge includes instructions to the jury concerning both the enhanced penalty range and the lesser penalty range that would apply if the jury did

not find the enhancement allegation to be true. Because appellant pleaded true to the enhancement allegation, the instruction on the lesser penalty range was inapplicable. It appears that for this reason, the trial court marked through the portion of the charge relating to the lesser penalty range, and placed his initials in the margin beside this paragraph. He placed his initials and the notation "O.K." in the margin next to the applicable penalty range.

Appellant argues that the court's handwritten revision of the typed jury charge constitutes an impermissible comment on the weight of the evidence in violation of Tex.Code Crim.P.Ann. art. 36.14 (Vernon Supp.1988).

Although the better procedure would have been for the trial court to have had its charge retyped, we find no error because the charge, as reformed by the trial court, properly reflected the applicable range of punishment. The paragraph that was marked out was inapplicable to this case, and was properly eliminated. Because the trial court's handwritten notations did not comment on the evidence or emphasize any particular punishment within the applicable range, appellant was not harmed by the trial court's actions.

Appellant also complains that the court did not present the charge to him prior to submitting it to the jury, and that the court failed to give appellant a reasonable time to object to the charge in writing.

A review of the record indicates that no objection was made by appellant to the charge presented to the jury. Furthermore, there is no indication that the trial court failed to present the charge to appellant or failed to give appellant time to object. Factual assertions in an appellate brief cannot be accepted unless there is support for them in the record. *Beck v. State,* 573 S.W.2d 786, 788 (Tex.Crim.App. 1978). We find nothing in the record to corroborate the appellant's allegation.

Appellant's sixth point of error is overruled.

The judgment of the trial court is affirmed.