IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-155-CR





JESSE A. RIVERA,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT



NO. 91-0393, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING



 




 Appellant Jesse Rivera appeals his conviction for burglary of a building. After the
jury found appellant guilty, the trial court found the enhancement paragraphs of the indictment
alleging eight prior felony convictions to be true and assessed punishment at sixty years'
imprisonment.

 Appellant advances three points of error. First, appellant challenges the sufficiency
of the evidence to sustain the burglary conviction. Second, appellant contends that the trial court
erred in failing to grant a new trial because the prosecutor made an impermissible comment on
appellant's failure to testify. Third, appellant argues that the trial court erred in failing to charge
the jury on the law of circumstantial evidence and that his trial counsel was ineffective for failing
to request such a charge. We will affirm the judgment of conviction.

 The indictment alleged in pertinent part that appellant on or about December 5,
1990:


 did then and there knowingly and intentionally enter a building without the
effective consent of Lucia Reyes, the owner, and therein attempted to commit and
committed theft of one electric clock radio, two (2) electric curling irons, one (1)
Westclock windup alarm clock, one (1) pair of stainless steel barber scissors and
one (1) electric hair blow dryer owned by Lucia Reyes.



 Leon Hernandez worked for his father at the Hernandez Cafe located at 1300 East
Sixth Street in Austin. The cafe was located next to Pete's Barber Shop. Next to the barber shop
was the Mission Beauty Shop owned and operated by Lucia Reyes. About 3 to 3:30 p.m. on the
afternoon of December 5, 1990, Leon Hernandez saw appellant step out of the Mission Beauty
Shop. Hernandez knew that the beauty shop was closed every day by 2 p.m. Appellant pulled
at the knob on the beauty shop's door and then walked down the sidewalk with a brown square
object under his arm. Hernandez saw appellant enter the Rio Rita Lounge. Hernandez called the
police. When Hernandez pushed on the door to the beauty shop, it opened. Hernandez then
walked to the Rio Rita Lounge where he observed appellant, a few customers, and the bartender. 
On the counter was a brown clock radio. Hernandez told the customers not to buy the radio
because it belonged "to the lady down the street." Appellant inquired if Hernandez was "going
to tell on him?" Hernandez returned to the beauty shop. About ten minutes later, Officer Robert
Perez arrived. Hernandez gave appellant's description to Officer Perez and rode with Perez until
they spotted appellant about five blocks away near the El Paso Bar. Appellant matched the
description given by Hernandez. Perez took appellant into custody and found the scissors
described in the indictment in appellant's pants pocket. In a room at the rear of the El Paso Bar,
which had an open door, Officer Perez found on a table the brown electric clock radio, the brown
hair blow dryer, the alarm clock, two curling irons and maroon electric hair clippers. These items
were forty to fifty feet from where appellant was standing when arrested.

 Officer Perez returned to the beauty shop and determined from the splinters near
the dead bolt that the front door had been forced open. Perez came into contact with Pete
Gonzales, the barber. Gonzales gave a bag of property items to the officer. Gonzales related that
about 3:30 p.m. that day, appellant had come into his barber shop asking for a haircut. Gonzales
told appellant that he was about to take his lunch break and requested that appellant return in an
hour. At this point, appellant asked to leave the bag of property items in the barber shop until
he returned. Gonzales consented and kept the bag.

 Lucia Reyes testified that she had operated the Mission Beauty Shop for twenty-six
years, and that she did not know appellant and had never given him permission to break and enter
her premises or to take anything from the shop. Reyes identified the scissors, clock radio, alarm
clock, curling irons, hair dryer, and other items recovered, including those in the bag returned
by Gonzales, as belonging to her. She related the items were in the shop when she left about 1:30
p.m. on December 5, 1990, after locking and securing her beauty shop. Appellant offered no
evidence.

 The standard for reviewing the sufficiency of the evidence is whether, viewing the
evidence in the light most favorable to the jury's verdict, any rational trier of fact would have
found beyond a reasonable doubt the essential elements of the offense charged. Jackson v.
Virginia, 443 U.S. 307, 319 n.12 (1979); Valdez v. State, 776 S.W.2d 162, 165 (Tex. Crim.
App. 1989), cert. denied, 495 U.S. 963 (1990). The standard for review is the same in both
direct and circumstantial evidence cases. Herndon v. State, 787 S.W.2d 408, 409 (Tex. Crim.
App. 1990).

 A conviction based upon circumstantial evidence cannot be sustained if the
circumstances do not exclude every other reasonable hypothesis except that of the defendant's
guilt. Humason v. State, 728 S.W.2d 363, 366 (Tex. Crim. App. 1987); Burns v. State, 676
S.W.2d 118, 120 (Tex. Crim. App. 1984). If, after viewing the evidence in this light, there is
a reasonable hypothesis other than the guilt of the accused, then it cannot be said that the guilt has
been shown beyond a reasonable doubt. Martin v. State, 753 S.W.2d 384, 387 (Tex. Crim. App.
1988); Anderson v. State, 701 S.W.2d 868, 872 (Tex. Crim. App. 1985), cert. denied, 479 U.S.
870 (1986). (1) The law does not require that the circumstances exclude every hypothesis in a
circumstantial evidence case. The law is satisfied if the conclusion of guilt is warranted by the
combined and cumulative force of all the incriminating circumstances. Castillo v. State, 739
S.W.2d 280, 288 (Tex. Crim. App. 1987), cert. denied, 487 U.S. 1228 (1989). "The rule that
evidence must exclude every reasonable hypothesis of innocence refers to evidence which the jury
believes and relies upon to support its verdict." State v. Poellinger, 451 N.W.2d 752, 756 (Wisc.
1990).

 In Lewis v. State, 763 S.W.2d 458, 459 (Tex. App.--Houston [1st Dist.] 1988, no
pet.), the Court stated:


 It is well established that the recent unexplained possession of all or any part of
the items taken in a burglary is sufficient to sustain a conviction for burglary. 
Ward v. State, 581 S.W.2d 164, 168 (Tex. Crim. App. 1979). An inference of a
defendant's guilt of a burglary or of a theft may arise from the appellant's
possession of property stolen or taken in a recent theft or burglary. However, in
the prosecution for either a theft or burglary, to warrant such in inference of guilt
from the circumstances of possession alone, such possession must be personal,
must be recent, must be unexplained, and must involve a distinct and conscious
assertion of right to the property by the defendant. Rodriguez v. State, 549
S.W.2d 747, 749 (Tex. Crim. App. 1977).



 In the instant case, appellant was found in the recent, unexplained possession of the
scissors and brown clock radio taken in the burglary of the Mission Beauty Shop. The inference
from this possession is that appellant committed the burglary and the theft of the scissors and radio
as alleged. The State saw fit to draft the indictment for burglary of a building under the terms of
section 30.02(a)(3) of the Texas Penal Code ("enters a building or habitation and commits or
attempts to commit a felony or theft"). Tex. Penal Code Ann. § 30.02(a)(3) (West 1989). Thus,
the State cast upon itself a greater burden than if the offense had been charged in the terms of
section 30.02(a)(1) ("with intent to commit a felony or theft"). Cf. DeVaughn v. State, 749
S.W.2d 62 (Tex. Crim. App. 1988).

 Nevertheless, in the instant case there was evidence of an independent burglary of
the Mission Beauty Shop with evidence that the items alleged in the indictment as well as other
property items had been taken. The owner testified the shop had been closed, locked and secured
about two hours before the time of appellant's arrest. It was determined that the point of entry
was at the front door. Leon Hernandez saw appellant leaving the closed beauty shop via the front
door carrying a brown square object, which was later identified as the complainant's radio. 
Hernandez followed appellant to the lounge where the radio was on a counter. When Hernandez
announced that the radio had been stolen, appellant asked if Hernandez "was going to tell on
him." Some ten to fifteen minutes later, appellant was arrested outside the nearby El Paso Bar
with scissors from the beauty shop in his pocket. In a room with an open door, forty or fifty feet
away from the site of appellant's arrest was the brown radio and the other items alleged in the
indictment.

 We conclude, viewing all the direct and circumstantial evidence in the light most
favorable to the jury's verdict, and accepting all credibility choices and reasonable inferences
made by the jury, that a rational trier of fact could have found beyond a reasonable doubt all the
essential elements of the offense charged. See United States v. Bland, 653 F.2d 989, 995 (5th
Cir.), cert. denied, 454 U.S. 1055 (1981). Appellant's first point of error is overruled.

 In his second point of error, appellant contends that the "trial court erred in failing
to grant in that the defendant's motion for new trial was denied because the State's attorney made
an impermissible comment on the failure of the appellant to testify [sic]."

 Appellant's motion for new trial did not allege or make reference to any
impermissible comment by the prosecutor as the basis for a new trial. The motion was a general
"verdict . . . contrary to the law and evidence" type of motion. The trial court overruled the
motion. Its order did not indicate that evidence was heard. If there was a hearing on the motion,
appellant has not directed our attention thereto, and we have found no statement of facts pertaining
to any such hearing. The burden is on appellant to see that a sufficient record is present to show
error requiring reversal. Tex. R. App. P. 50(d). There is no basis in this record for any claim
that the trial court erred in overruling the motion for a new trial as alleged.

 Moreover, while appellant presents an argument in his brief on the general
proposition that a prosecutor should not comment on a defendant's failure to testify, he does not
set forth the complained-of argument in the instant case or direct our attention to any record page
number where the comment may be found. We are left to speculate as to what argument appellant
characterizes as an impermissible comment. There was no compliance with Rule 74(f) of the
Texas Rules of Appellate Procedure.

 In its brief, the State has pinpointed a comment in the record and suggests that it
might be the basis of appellant's complaint. Appellant has not taken issue with the State's
selection. Our own examination of the record does not reveal other argument that could fit the
description of appellant's complaint. The State claims that the argument taken in context was not
a comment on appellant's failure to testify but a challenge to appellant's trial counsel to respond
to the State's version of the facts as presented in argument.

 During the opening argument at the guilt/innocence stage of the trial, the
prosecutor, while reviewing the evidence, stated:


 And lastly, you have his statement to Mr. Hernandez when he told everybody
in the bar that stuff is stolen. He said "Are you going to tell on me?" How is he
going to explain that?



 There was no objection to this argument. It is generally presumed that a failure
to object waives any complaint on appeal as to jury argument. See Drew v. State, 743 S.W.2d
207, 218 (Tex. Crim. App. 1987); Miranda v. State, 813 S.W.2d 724, 740 (Tex. App.--San
Antonio 1991, pet. ref'd). An exception to this rule prevails when the prosecutor's argument is
so egregious and prejudicial that an instruction to disregard will not cure the harm. Green v.
State, 682 S.W.2d 271, 295 (Tex. Crim. App. 1984); Romo v. State, 631 S.W.2d 504, 505 (Tex.
Crim. App. 1982); Adams v. State, 813 S.W.2d 698, 699 (Tex. App.--Houston [14th Dist.] 1991,
pet. ref'd). Where, however, an instruction to disregard could cure the harm, failure to object
waives any error. See Harris v. State, 784 S.W.2d 5, 12 (Tex. Crim. App. 1989), cert. denied,
494 U.S. 1090 (1990); Johnson v. State, 611 S.W.2d 650-51 (Tex. Crim. App. 1981).


 It is basic and fundamental law in this State that failure of an accused in a criminal
case to testify may not be the subject of comment by the prosecution. Montoya v. State, 744
S.W.2d 15, 34 (Tex. Crim. App. 1987), cert. denied, 487 U.S. 1227 (1988); Bird v. State, 527
S.W.2d 891, 893 (Tex. Crim. App. 1977). Such comment is in violation of the privilege against
self-incrimination contained in Article I, section 10 of the Texas Constitution and the express
provisions of statutory law. See Tex. Code Crim. Proc. Ann. art. 38.08 (West 1979). In
addition, a comment on an accused's failure to testify constitutes a violation of the self-incrimination clause of the Fifth Amendment to the United States Constitution, which is made
applicable to the states by the Fourteenth Amendment. See Griffin v. California, 380 U.S. 609
(1965); Bird, 527 S.W.2d at 893.

 In Caldwell v. State, 818 S.W.2d 790 (Tex. Crim. App. 1991), cert. denied, 112
S.Ct. 1684 (1992), the Court of Criminal Appeals discussed the criteria to be used in assessing
whether a prosecutorial comment violates article 38.08 as follows:


 It is now well settled in this State that for the argument or comment of the
prosecuting attorney to offend against Art. 38.08, supra, the language used must
be looked to from the standpoint of the jury, and the implication that the language
used had reference to the accused's failure to testify must be a necessary one. It
is not sufficient that the language might be construed as an implied or indirect
allusion thereto. The test employed is whether the language used was manifestly
intended or was of such character that the jury would naturally and necessarily take
it to be a comment on the accused's failure to testify. Of course, in applying this
test, the facts and circumstances of each case must be analyzed to determine
whether the language used was of such character.



Id. at 800 (quoting Dickinson v. State, 685 S.W.2d 320, 323 (Tex. Crim. App. 1984)).

 In applying the above quoted criteria, the objectionable comment must be analyzed
from the standpoint of the jury. Certainly one possible interpretation is that the jury would have
interpreted the comment as an impermissible reference to appellant's failure to testify. There
would appear, however, to be another reasonable interpretation. The comment could be construed
as a challenge to appellant's trial counsel to respond to the State's version of the facts as presented
in argument. In the opening argument of the prosecutor at the guilt/innocence stage of the
bifurcated trial, the prosecutor initially discussed the court's charge. In the course of the
argument, the prosecutor called the jury's attention to the court's instruction on appellant's "right
to silence." She admonished the jurors to follow that charge and "not to consider that as evidence
of his guilt." In concluding her review of the evidence, the prosecutor made the remarks now
under consideration. Immediately thereafter, the prosecutor noted that the defense counsel would
argue next and would tell the jurors that the eye-witnesses were not reliable and that the police
officers did not do their job. She added "that anything he [defense counsel] hands to you is not
reasonable doubt in this case . . . ."

 Appellant's trial counsel apparently considered the prosecutor's remarks as a
challenge to him. He told the jurors that he "was going to pick up Ms. Hurley's [prosecutor's]
gauntlet." Counsel responded that there was reasonable doubt in the case and then, inter alia,
argued that the remark "are you going to tell?" was made in a dimly-lit lounge occupied by a
number of individuals, any one of whom could have made the remark to Leon Hernandez, who
had just walked in from outside and whose eyes were still adjusting to the darkness.

 Given these circumstances, and the two different, but equally plausible
interpretations of the prosecutor's comment, we conclude under the Caldwell criteria or standard
that the comment would not necessarily and naturally be understood by the jury to refer to
appellant's failure to testify. We find that the prosecutor's comment does not give rise to
reversible error. Moreover, the comment was not so objectionable that it could not have been
cured by an instruction to disregard had appellant objected to the comment. See Caldwell, 818
S.W.2d at 801; Willis v. State, 785 S.W.2d 387, 385-86 (Tex. Crim. App. 1989); Bower v. State,
769 S.W.2d 887, 907 (Tex. Crim. App.), cert. denied, 492 U.S. 927 (1989); Davis v. State, 645
S.W.2d 817, 819 (Tex. Crim. App. 1983).

 Even if it is assumed that the prosecutor's argument was an improper comment on
the appellant's failure to testify, was the error so harmful to appellant as to call for reversal? See
Chapman v. California, 386 U.S. 18 (1967); Tex. R. App. P. 81(b)(2). To determine if improper
jury argument by the State is harmless error or not, the proper standard of review is whether there
is a reasonable possibility that the argument complained of might have contributed to the
defendant's conviction or punishment in light of the entire record from the trial court. Madden 
v. State, 799 S.W.2d 683, 700 (Tex. Crim. App. 1990), cert. denied, 111 S.Ct. 1432 (1991);
Orona v. State, 791 S.W.2d 125, 130 (Tex. Crim. App. 1990); Harris v. State, 790 S.W.2d 568,
586 (Tex. Crim. App. 1989). We are not governed by the existence of overwhelming guilt, but
we must calculate as much as possible the probable impact of the error on the jury, examine the
source and nature of the error, the emphasis placed by the State, and its probable collateral
implications, including whether declaring the error harmless would encourage the State to repeat
it with impunity. By employing these standards, we conclude that the error, if any, was harmless
beyond a reasonable doubt as it did not contribute to appellant's conviction by the jury or
punishment by the trial court. See Hough v. State, 828 S.W.2d 97, 100 (Tex. App.--Beaumont
1992, pet. ref'd). Appellant's second point of error is overruled.

 In his third point of error, appellant urges that the "trial court committed reversible
error in that it failed to charge the jury on circumstantial evidence and the failure of appellant's
counsel to ask for such a charge rendered counsel's assistance inadequate to preserve appellant's
fundamental constitutional rights." The point of error is multifarious in nature and is not briefed
in accordance with Rule 74(f) of the Texas Rules of Appellate Procedure. Further, appellant
overlooks the holding in Hankins v. State, 646 S.W.2d 191, 197 (Tex. Crim. App. 1981), that
it is now improper to give a jury charge on the law of circumstantial evidence. Appellant's trial
counsel cannot be faulted for failing to request a jury instruction to which appellant was not
entitled. Appellant has failed to meet the two-prong test of Strickland v. Washington, 466 U.S.
668 (1984) concerning claims of ineffective assistance of counsel. Such test has been adopted in
Texas. See Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). Appellant's third
point of error is overruled.


 The judgment is affirmed.


 John F. Onion, Jr., Justice


[Before Justices Powers, B. A. Smith and Onion*]

Affirmed

Filed: March 3, 1993

[Do Not Publish]





































* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1.   This cause was tried before the Court of Criminal Appeals abolished the so-called reasonable
hypothesis of innocence construct in Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991).