**Richard Allen KELLEY, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–97–332–CR.**

Court of Appeals of Texas,
Fort Worth.

June 15, 2000.

---

David K. Chapman, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., Charles M. Mallin, Helena F. Faulkner, Christy Jack, Jay Lapham, Asst. Crim. Dist., Fort Worth, for appellee.

PANEL F: CAYCE, C.J.; HOLMAN and GARDNER, JJ.

## OPINION ON REMAND

JOHN CAYCE, Chief Justice.

### BACKGROUND

Appellant was convicted by a jury of sexual assault of a child and two counts of indecency with a child by contact. The trial court then assessed his punishment at twenty years' confinement for each offense.[1] On original submission, this court followed the decision of the court of criminal appeals in *DeGarmo v. State*, 691 S.W.2d 657, 661 (Tex.Crim.App.1985), and

---

1. The sentences were to run concurrently.

held appellant waived his right to complain about the jury charge at the guilt-innocence phase of his trial by taking the witness stand and confessing his guilt during the punishment phase of trial. *See Kelley v. State,* No. 2–97–332–CR (Tex. App.—Fort Worth Mar. 12, 1998) (not designated for publication). After our opinion issued, however, the court of criminal appeals reexamined the *DeGarmo* doctrine and restricted its applicability in *Leday v. State,* 983 S.W.2d 713, 724 (Tex.Crim.App. 1998). As a result, this case was remanded to us for review under *Leday. See Kelley v. State,* No. 840–98 (Tex.Crim.App. Oct. 20, 1999) (not designated for publication).

■ In *Leday,* the court of criminal appeals held that insofar as the *DeGarmo* doctrine estops a defendant from raising on appeal a violation of any one of a number of fundamental guaranties, it cannot be justified simply because the verdict of guilt was itself correct. *Leday* 983 S.W.2d at 725. The court outlined a non-exclusive list of guaranties that were "made to preserve a value that was seen to be more important than the discovery of the truth in a trial." *Id.* Included in those guaranties are the freedoms from unreasonable searches and seizures and from self-incrimination, the right to due process, and the prohibition against commenting on a defendant's failure to testify. *See id.* Because the list of guaranties set out *Leday* is neither exclusive nor final, this court is required to examine each complaint individually and determine whether the complaint asserts a fundamental right or guaranty, or whether the truth-finding function prevails and, thus, estops an appellant who has admitted his or her guilt at punishment from raising the particular complaint on appeal. *Id.; see Gutierrez v. State,* 8 S.W.3d 739, 745 (Tex.App.—Austin 1999, no pet.)(op on reh'g).

2. Neither appellant nor the State have filed a brief in this case on remand. Therefore, we rely on the parties' briefs filed on original submission. In appellant's brief, he raises four points. The first two points urge this

## ANALYSIS OF APPELLANT'S JURY CHARGE COMPLAINT

### UNDER *LEDAY V. STATE*

■ Appellant asserts on appeal that the trial court erred in failing to allow him an opportunity to object to the jury charge.[2] Therefore, as a preliminary matter, we must determine whether appellant's admission of guilt at punishment estops him from raising this particular complaint on appeal. The court in *Leday* did not specifically categorize jury charge error. However, under certain circumstances an error in a jury charge may affect a guaranty or right valued above the truth-seeking function of a trial. *See Gutierrez,* 8 S.W.3d at 746. In *Gutierrez,* the court reviewed the appellant's particular jury charge complaint to determine whether the error appellant was complaining of constituted fundamental error or "other error," under *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1985) (op. on reh'g). *Gutierrez,* 8 S.W.3d at 746; *see also* TEX. CODE CRIM. PROC. ANN. art. 36.19 (Vernon 1981); *Hutch v. State,* 922 S.W.2d 166, 171 (Tex.Crim.App.1996). In making this determination, "the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." *Almanza,* 686 S.W.2d at 171. *See generally Hutch,* 922 S.W.2d at 172–74. The purpose of this review is to illuminate the actual, not just theoretical, harm to the accused. *See Almanza,* 686 S.W.2d at 174.

Here, before the charge was read to the jury, the following exchange took place outside the jury's presence;

court to reconsider the *DeGarmo* doctrine, and points three and four address his complaint regarding the jury charge. In light of *Leday,* this opinion disposes of points three and four.

THE COURT: It is my understanding that the State wishes to waive Count Four of the Indictment; is that correct ... ?

[STATE]: That is correct, Your Honor.

THE COURT: Any objections from the Defense?

[APPELLANT]: No objections, Your Honor.

THE COURT: We have taken out the appropriate language in the Charge on fondling and also in the verdict form.

[STATE]: The exposure, Judge.

THE COURT: I'm sorry, the indecent exposure. All right. Do we have anything else before we bring the jury in?

[APPELLANT]: Nothing further from the Defense.

Based on this exchange, appellant now contends that the trial court reversibly erred in failing to explicitly inquire as to whether he had objections to the charge as written. We read no such requirement in article 36.14 of the code of criminal procedure, which reads in pertinent part:

> Before [the] charge is read to the jury, the defendant or his counsel shall have a reasonable time to examine the same and he shall present his objections thereto in writing, distinctly specifying each ground of objection.

TEX.CODE CRIM. PROC. ANN. art. 36.14 (Vernon Supp.2000).

■ Thus, it was appellant's burden to review and examine the charge and voice any objection to the trial court. *See Pennington v. State*, 697 S.W.2d 387, 390 (Tex. Crim.App.1985) (holding that prerequisite for complaint regarding jury charge on appeal is specific objection at trial). Furthermore, appellant's affirmative statement to the trial court of "[n]othing further from the Defense," is evidence that appellant had an opportunity to review the charge and chose to voice no objection. *See Lewis v. State*, 763 S.W.2d 458, 461 (Tex.App.—Houston [1st Dist.] 1988, no pet.).

■ Additionally, there is no indication in either the record at trial or in appellant's brief before this court that sets out what objection, if any, appellant had to the charge as given. Based on this record, the trial court did not err in failing to explicitly inquire as to whether appellant had objections to the charge as written. Therefore, as required by *Leday*, we determine that the trial court's actions did not implicate a fundamental guaranty or right. Accordingly, appellant's admission of guilt at punishment estops him from complaining of the trial court's actions on appeal. *See Leday*, 983 S.W.2d at 725–26. Alternatively, appellant procedurally defaulted his claim by not objecting at trial and he was not egregiously harmed by the trial court's failure to explicitly inquire as to any objections he might have had to the charge. *See Hutch*, 922 S.W.2d at 171. We overrule appellant's complaints.

### CONCLUSION

Having overruled points three and four, we affirm the trial court's judgment.