Ex parte Roger Leroy DE
GARMO, Applicant.

No. 15,757–02.

Court of Criminal Appeals of Texas,
En Banc.

Sept. 18, 1991.

Greg Gladden, Houston, for appellant.

Frank Follis, Dist. Atty., Richmond, Robert Huttash, State's Atty., Austin, for the State.

CLINTON, Judge, dissenting to denial of application.

This is a post conviction application for habeas corpus relief from a judgment of conviction for capital murder and sentence to death. *De Garmo v. State*, 691 S.W.2d 657 (Tex.Cr.App.1985), cert. denied 474 U.S. 973, 106 S.Ct. 337, 88 L.Ed.2d 322 (1985).

The principal issue raised by applicant is essentially the same one found against him on direct appeal, *viz:* disclosure of actual terms and conditions of a plea bargain

agreement between the State and codefendant Helen Leydalia Mejia. *Id.*, at 662.[1]

After certiorari was denied, applicant and State engaged in a series of post conviction skirmishes in state and federal courts until April 8, 1987, when the latter dismissed federal habeas for failure to exhaust state remedies. On May 19, 1987, applicant filed the instant petition in the convicting court, and since no action was taken by the prosecutor or judge, pursuant to Article 11.07, § 2(d) the clerk of court forwarded the "record" on to this Court. On June 25, 1987, we remanded the cause to the convicting court for the judge to convene an evidentiary hearing on allegations 1 and 2, to make findings and recommendation within ninety days, and stayed execution pending further orders.

There was lengthy hearing producing a voluminous record ultimately received here in February 1989.

The judge of the convicting court reached his conclusions in favor of the prosecution mainly on credibility findings. There is firm documentary evidence demonstrating that there is much more to the plea bargain "deal" and its surrounding circumstances than what the State represented to the jury. See n. 1, *ante*. Moreover, it is a most doubtful legal proposition

---

1. Applicant asserted that he should not be subject to a conviction and death sentence "when his co-defendant, and the principal witness against him, (subsequently) receives a sentence of remarkable leniency, and *the jury was not informed of that fact." Id.*, at 662. (All emphasis here and throughout is supplied by this writer unless otherwise indicated.)

   This Court pointed out that it has no concern with terms and conditions of any such plea bargain "if we find that the jury was in all things informed [about it]," but added:

   "However, if we decide that the jury was not informed of such agreement and understanding, then we will be compelled to order appellant's conviction and sentence of death reversed because *failure* of the prosecution to inform the jury of such an agreement *would render appellant's conviction void* because the jury had the legal right to know about any agreement or understanding that might have existed between Mejia and the prosecution in order that it might consider what weight to give Mejia's testimony. *Giglio v. United States,* 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972)."

that applicant waived his claims by admitting his guilt during his tirade at the punishment stage.

Accordingly, I would order the cause be filed and set on the first claim in order to examine the record, sort out "deals" that were made, and determine the consequences.

*Ibid.* After examining the record the Court reported:

"... [W]e are compelled to conclude that there is nothing in the record that might reflect or indicate that other than Mejia would be charged only with the lesser offense of murder, or the offense of kidnapping, about which the jury was informed, no other agreement between Majia and the prosecution was in effect at the time of appellant's trial. * * * ... [W]e do not find anything in the record on appeal that would reflect or indicate that the jury was misled into believing that, in addition to what they were informed, *there might have been some other 'deal,' 'arrangement,' or 'tacit understanding'* that might have existed between Mejia and the local prosecuting attorney when Mejia testified against appellant."

*Ibid.* Surely the author meant "there was *no* other 'deal,'" et cetera. In any event, applicant now contends there were more benefits accruing to Mejia in the plea bargain than the State revealed to the jury.