carter 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00058-CR







Emmett Carter, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. 0933702, HONORABLE BOB PERKINS, JUDGE PRESIDING







 A Travis County jury found appellant Emmett Carter guilty of aggravated sexual
assault, aggravated robbery, and aggravated kidnapping. See Act of May 26, 1987, 70th Leg.,
R.S., ch. 573, § 1, 1987 Tex. Gen. Laws 2275, amended by Act of July 18, 1987, 70th Leg., 2d
C.S., ch. 16, § 1, 1987 Tex. Gen. Laws 80 (Tex. Penal Code Ann. § 22.021, since amended);
Tex. Penal Code Ann. § 29.03 (West 1994); Tex. Penal Code Ann. § 20.04 (West 1994). (1) The
jury assessed punishment at fifty-five years' confinement. Appellant advances two points of error
alleging (1) that an audiotape of appellant's phone conversation was admitted in evidence in
violation of his Sixth Amendment right to counsel, and (2) that appellant's court-appointed counsel
was not afforded ten days to prepare for trial, in violation of Texas Code of Criminal Procedure
article 1.051(e). We will affirm the conviction.



BACKGROUND


 On the evening of April 28, 1993, while working as a driver for Yellow Checker
Cab Co., Julia Fair picked up appellant and Charles Houston in an east Austin neighborhood. 
One of the passengers pointed a gun towards Fair and instructed her to pull over. The other
passenger got behind the wheel and drove the cab to a deserted construction site, where the men
took $3.00 from Fair. Each of the men sexually assaulted Fair; they then locked her in the trunk
of the cab. Fair persuaded the men to open the trunk by claiming that she had discovered
additional money. Once out of the trunk, she adamantly refused to return. The men sprayed her
at close range with a fire extinguisher in an attempt to force her back into the trunk. When this
proved unsuccessful, Houston shot Fair in the foot, and appellant then shot her in the arm. As
the men walked away from the cab discussing what to do next, Fair fled to a nearby house.

 Appellant later related this macabre episode to his friend, Gwendolyn Ann
Williams. Williams immediately phoned Fair in the hospital to identify appellant as one of Fair's
assailants. Before appellant was charged with the offense, Sergeant Meldon Bass of the Austin
Police Department arranged to record another phone conversation with Williams, in which
appellant again incriminated himself. 


DISCUSSION


 In his second point of error appellant argues that the trial court erred in admitting
the tape of his conversation with Williams because it was obtained in violation of his Sixth
Amendment right to counsel. Although appellant objected at trial to the admission of this tape,
his objection was not made on Sixth Amendment grounds. "Generally, error must be presented
at trial with a timely and specific objection, and any objection at trial which differs from the
complaint on appeal preserves nothing for review." Sterling v. State, 800 S.W.2d 513, 521 (Tex.
Crim. App. 1990). Because appellant did not object to admission of the tape on Sixth Amendment
grounds, he has not preserved this error for review. Furthermore, even if appellant's claim could
be reached on the merits, he waived any such error by testifying to his guilt during the punishment
stage of his trial. DeGarmo v. State, 691 S.W.2d 657, 661 (Tex. Crim. App. 1985) (if a
defendant does not testify at guilt stage of trial, but does testify at punishment stage and admits
his guilt, he has waived any error that might have occurred during guilt stage). Appellant's
second point of error is overruled. 

 Appellant's first point of error alleges that the trial court erred in failing to afford
appointed counsel ten days to prepare for trial in violation of Texas Code of Criminal Procedure
article 1.051(e). See Tex. Code Crim. Proc. Ann. art. 1.051(e) (West Supp. 1995). We will
review the relevant facts before addressing this point of error.

 On August 3, 1993, the trial court appointed Jim Young to represent appellant. 
Some time after August 23, 1993, Young withdrew as appellant's counsel. At a hearing on
November 15, 1993, appellant was represented by Derrell Coleman. At this hearing, Coleman
stated that he had been representing appellant for "45 days or so." This hearing was continued
to the morning of November 16, 1993, at which time appellant rejected the State's plea offer. The
trial court set the case for jury trial to begin on November 29, 1993. 

 At docket call on November 24, 1993, appellant's counsel informed the trial court
that although he had been serving as retained counsel paid by appellant's grandmother, she could
no longer afford to pay him. That same day the trial court appointed Coleman to represent
appellant in his jury trial. Trial began as scheduled on November 29, 1993.

 Appellant asserts that because his counsel was appointed only five days prior to
trial, he was not allowed the statutory ten-day preparation time required by article 1.051(e). 
Appellant does not dispute that his retained counsel had represented him for approximately two
months prior to trial; however, he argues that prior to the appointment on November 24,
Coleman's representation dealt exclusively with plea negotiations. (2) Appellant thus concludes that
counsel was not afforded the requisite ten days to prepare for trial. 

 The Court of Criminal Appeals has "consistently focused on the actual preparation
time afforded appointed counsel, not the time of formal appointment, to determine compliance"
with article 1.051(e). Marin v. State, No. 1265-93, slip op. at 2 (Tex. Crim. App. Dec. 14,
1994). The requirements of article 1.051(e) are satisfied "as long as the defendant was
represented by an attorney who was afforded the statutory preparation time" of ten days. Id. at
8. On November 16, 1993, counsel knew that (1) appellant had refused the State's plea offer,
thereby electing to go to trial, and (2) trial was scheduled for November 29, 1993. Counsel
therefore had thirteen days to prepare for trial.

 Because it is the actual preparation time afforded to counsel, not the date of formal
appointment, that determines compliance with article 1.051(e), we hold that the ten-day
requirement was satisfied. Id. at 2. We also note that counsel represented appellant for
approximately forty-five days prior to his appointment, during which time trial was a distinct
possibility. Whether counsel actually used this time to prepare for trial is beyond the scope of our
inquiry; article 1.051(e) requires only that counsel be afforded this preparation time. Because this
requirement was met, appellant's first point of error is overruled. 

 Having overruled appellant's points of error, we affirm the trial court's judgment
of conviction.


 

 Bea Ann Smith, Justice

Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: February 22, 1995

Do Not Publish 

1.   This offense took place before September 1, 1994, and is governed by the law in effect
at the time the offense was committed. Because the code amendments effective September 1,
1994 have no substantive effect on these last two provisions, the current code is cited for the
sake of convenience. See Penal Code, 73d Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws
3586, 3615, 3633. 
2.   Appellant also argues that he was not afforded the ten-day preparation time because (1)
appellant's trial counsel was ill prior to the November 15, 1993 hearing, and (2) counsel was
beginning a jury trial the week of November 15, 1993. However, article 1.051(e) does not
require that counsel be afforded ten days free of distraction. Thus, these matters are irrelevant
to our inquiry.