TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00386-CR







John Macario Salazar, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT


NO. CR93-456, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING







PER CURIAM


 A jury found appellant guilty of driving while intoxicated, third offense, and
assessed punishment at imprisonment for four years and a $500 fine. Act of May 27, 1983, 68th
Leg. R.S., ch. 303, § 3, 1983 Tex. Gen. Laws 1568, 1574 (Tex. Rev. Civ. Stat. Ann. art. 6701l-1(b), (e), since amended and codified at Tex. Penal Code Ann. §§ 49.04, 49.09). In two points
of error, appellant contends the evidence does not support the conviction.

 At 10:45 p.m. on October 1, 1993, San Marcos police officer Dan Misiaszek was
driving south on Interstate 35 when he observed a vehicle approaching him from behind at a high
rate of speed. Although the highway at this point had three southbound lanes, the left lane was
closed to traffic due to construction and separated from the center lane (in which both the officer
and the suspect were driving) by periodic barricades. As the suspect vehicle neared Misiaszek,
it swerved between the barricades into the left lane. The vehicle, a brown station wagon, passed
Misiaszek's patrol car, returned to the open lanes of traffic, crossed both the center and right
lanes, and drove partially onto the right shoulder of the highway. Misiaszek followed the station
wagon after it returned fully to the highway, clocking it at eighty-three miles-per-hour. The
officer then turned on his emergency lights.

 The driver of the station wagon, identified by Misiaszek as appellant, exited the
vehicle after coming to a stop and ran into a field. Misiaszek followed appellant and, after a brief
chase and struggle, succeeded in arresting him. The officer testified that appellant had a strong
odor of alcoholic beverage about his person, that his speech was slurred, and that his eyes were
red and bloodshot. In Misiaszek's opinion, appellant was "highly intoxicated."

 That was also the opinion of San Marcos police officer Frank Calabrese, who
transported appellant to the police station following his arrest. At the station, appellant was
generally uncooperative, was unable to perform successfully the physical sobriety tests he
attempted, and refused to give a breath sample. A videotape of appellant taken at the police
station was admitted in evidence and played for the jury.

 Appellant contends the evidence is legally insufficient to prove that he was
intoxicated on the night in question. In determining the legal sufficiency of the evidence to
support a criminal conviction, the question is whether, after viewing all the evidence in the light
most favorable to the verdict, any rational trier of fact could have found the essential elements of
the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Geesa v. State,
820 S.W.2d 154 (Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App.
1981). Appellant points out that no beverage containers were found in appellant's car and there
is no evidence of the type or quantity of alcoholic beverage appellant consumed that night. We
believe, however, that when the Jackson test is applied to the evidence that was introduced, it is
more than sufficient to support a finding of intoxication. Point of error two is overruled.

 Appellant also challenges the State's proof regarding the two previous DWI
convictions alleged to enhance the present offense to a felony, Caldwell County cause number 89-281 and Hays County cause number 26,221. Certified copies of the judgments of conviction in
those causes were introduced in evidence as State's exhibits four and five. Appellant contends
the State failed to prove that he is the person convicted in those causes.

 In reviewing the sufficiency of the evidence, we look at all the evidence adduced
at both stages of the trial, and not just at that offered by the State at the guilt stage. DeGarmo v.
State, 691 S.W.2d 657, 661 (Tex. Crim. App. 1985). During cross-examination at the
punishment stage, appellant was asked, in reference to exhibits four and five, if he is "the same
John Macario Salazar who was convicted of the offense of driving while intoxicated in each of
those cases." Appellant answered, "Yes." Having so testified, appellant cannot complain that he
was not identified as the person convicted of driving while intoxicated in cause numbers 89-281
and 26,221. See McGlothlin v. State, No. 022-94 (Tex. Crim. App. March 8, 1995); DeGarmo,
691 S.W.2d at 661 (defendant who admits guilt during testimony at punishment stage waives
challenge to sufficiency of evidence). Point of error one is overruled.

 The judgment of conviction is affirmed.


Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: April 12, 1995

Do Not Publish