TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00630-CR







Mark Edward Doherty, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT


NO. CR93-221, HONORABLE ROBERT T. PFEUFFER, JUDGE PRESIDING







PER CURIAM


 A jury found appellant guilty of aggravated robbery and assessed punishment,
enhanced by a previous felony conviction, at imprisonment for ninety-nine years. Tex. Penal
Code Ann. § 29.03 (West 1994). (1) We will affirm.

 Appellant, armed with a shotgun, robbed the clerk of a New Braunfels convenience
store. Although he pleaded not guilty, appellant admitted his guilt during testimony at both the
guilt-innocence and punishment phases of trial.

 Appellant contends the district court erred at the guilt stage by allowing the
prosecutor to cross-examine him regarding other aggravated robberies for which appellant had not
been finally convicted. A defendant who admits his guilt at the punishment stage waives any error
that might have occurred during the guilt stage. McGlothlin v. State, No. 022-94 (Tex. Crim.
App. March 8, 1995); DeGarmo v. State, 691 S.W.2d 657, 661 (Tex. Crim. App. 1985). 
Moreover, because appellant also admitted committing the charged offense during his testimony
at the guilt stage, the admission of the challenged evidence did not contribute to his conviction. 
Tex. R. App. P. 81(b)(2). Point of error three is overruled.

 Next, appellant complains that the prosecutor asked the jury to consider the
operation of the parole laws in assessing punishment. During his own argument, defense counsel
asked the jury to assess a twenty-five-year term of imprisonment, saying appellant "will be in the
penitentiary for a long time." The prosecutor responded as follows:


 The defense attorney brought out, sentence him to 25 years, he will
be in prison for a long time. Let's look at the Judge's charge here. One-fourth of
the sentence or 15 years, whichever is less, is when he becomes eligible for parole. 
When you add up his actual prison time together with the good time credits that he
received --



Appellant objected "to the characterization of the prosecutor by calculation of good time versus
actual time." The court overruled the objection but admonished the jury "that the discussion
concerning the parole law, if any, is not to concern this particular defendant, as pointed out in this
charge." The prosecutor then resumed his argument:


 MR. REIMER: What I am relating to is the argument to you that
whatever you do, he is going to be in prison for a long time. Under the
calculations here, given to you by the Judge, 25-year sentence means something
less than six years, six-and-a-third years, six-and-a-fourth years. It would be less
than -- a 25-year sentence would be less than five years that he would be eligible
for parole. That's not saying he would get out, but he would be eligible to get out.



Appellant did not object to this portion of the prosecutor's argument, which forms the basis for
his point of error. Moreover, appellant's contention on appeal does not comport with his earlier
trial objection. Tex. R. App. P. 52(a).

 The jury had before it evidence of appellant's two final felony convictions for
aggravated sexual assault and aggravated robbery. The latter offense was committed in Austin
only two days after the offense for which he was on trial. The jury also heard testimony
regarding other aggravated robberies committed by appellant one day before the charged offense
which had not resulted in final convictions. See Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)
(West Supp. 1995). Finally, the jury had seen and heard appellant's testimony at both stages of
trial. From our reading of the record, appellant's testimony was not beneficial to him insofar as
punishment is concerned. The prosecutor's argument, if erroneous, was harmless beyond a
reasonable doubt. Tex. R. App. P. 81(b)(2). Point of error one is overruled.

 Finally, appellant contends the district court erred "when it did not engage in a
formal sentencing." Specifically, appellant complains that the court did not pronounce sentence
in appellant's presence and denied him his right of allocution. Tex. Code Crim. Proc. Ann. arts.
42.03, § 1(a), 42.07 (West Supp. 1995).

 Appellant asked to make a statement to the jury before sentencing. Appellant refers
us to no authority holding that the right of allocution entitles a defendant to address the jury,
rather than the court, before sentencing. The judgment recites that "the Defendant, MARK
EDWARD DOHERTY, was asked by the Court whether he had anything to say why said sentence
should not be pronounced against him and he answered nothing in bar thereof. Whereupon the
Court proceeded, in the presence of the said Defendant, MARK EDWARD DOHERTY, to
pronounce sentence against him . . . ." The record does not contradict this recital. Point of error
two is overruled.

 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Aboussie and Jones

Affirmed

Filed: May 24, 1995

Do Not Publish
1. Section 29.03 was amended in a nonsubstantive way after this offense was committed.