**Andres LANDEROS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–95–00072–CR.**

Court of Appeals of Texas, El Paso.

Oct. 24, 1996.

Rehearing Overruled Feb. 19, 1997.

Jamie E. Gandara, El Paso, for appellant.

Jamie E. Esparza, District Attorney, El Paso, for State.

Before BARAJAS, C.J., and McCLURE and CHEW, JJ.

### OPINION

McCLURE, Justice.

This is an appeal from a conviction for the offense of murder. A jury found the Appellant, Andres Landeros, guilty and sentenced him to twenty years' confinement in the Texas Department of Criminal Justice—Institutional Division. We affirm.

Landeros raises four points of error. He complains of two alleged charge errors, the trial court's failure to suppress his confession, and the trial court's failure to grant a mistrial based on alleged prosecutorial misconduct. The record reflects that Landeros testified at the punishment phase of the trial and admitted guilt. During the punishment phase, the following exchange occurred:

Prosecutor: Sir, do you admit that on or about August 6th of 1993, that you did kill Jesus Alvidrez by running over him with an automobile? Do you admit that you're guilty to this jury?

Defense Counsel: Objection, Your Honor, the jury has considered the case and rendered its verdict.

Trial Court: That will be overruled.

Landeros: Well, I know—

Prosecutor: Sir, do you admit your guilt or not?

Defense Counsel: Objection, Your Honor, I would ask that he be permitted to answer the question.

Trial Court: The objection is overruled.

Landeros: I admit it because the jury says that I'm guilty.

Prosecutor: No, I asked you if you admit it, sir?

Landeros: Yes, I admit it. I'm guilty.

If a defendant testifies at the punishment stage of the trial, and admits his guilt to the crime for which he has been found guilty, he has, for legal purposes, entered the equivalent of a plea of guilty. *DeGarmo v. State*, 691 S.W.2d 657, 661 (Tex.Crim.App.), *cert. denied*, 474 U.S. 973, 106 S.Ct. 337, 88 L.Ed.2d 322 (1985). By admitting guilt, the defendant waives all non-jurisdictional errors occurring at the guilt-innocence phase of the trial, including challenges to the sufficiency of the evidence. *DeGarmo*, 691 S.W.2d at 661. The Court of Criminal Appeals recently confirmed the continuing viability of the *DeGarmo* doctrine in *McGlothlin v. State*, 896 S.W.2d 183, 186 (Tex.Crim.App.1995).

Applying the *DeGarmo* doctrine here, we conclude that Landeros has waived all of his asserted errors. Accordingly, we overrule Points of Error Nos. One, Two, Three, and Four and affirm the judgment of the trial court.