Michael Edward CALLAHAN, Appellant,

v.

The STATE of Texas, State.

No. 2-96-261-CR.

Court of Appeals of Texas,
Fort Worth.

Sept. 18, 1997.

Henry C. Paine, Jr., Denton, for Appellant.

Bruce Isaaks, Crim. Dist. Atty., Yolanda M. Joosten, Dayle Elieson, Jonnie Cleveland, Asst. Dist. Attys., Denton, Matthew Paul, State Pros. Atty., Austin, for Appellee.

Before DAVID E. FARRIS (Sitting by Assignment), DAUPHINOT and HOLMAN, JJ.

## OPINION

PER CURIAM.

This case involves the payment for a bail bond with a check that was refused by the bank because of insufficient funds. The check's issuer, Michael Edward Callahan, stands convicted of the theft of the bond from the bondsman, Ed Green. On appeal Callahan raises two points of error urging us to order his acquittal because there was no evidence Green owned the bond and no evidence Callahan was notified his check had been refused. In response to both points the State argues Callahan has waived his sufficiency of the evidence points because, during the punishment phase, he testified, admitting his guilt. *See DeGarmo v. State,* 691 S.W.2d 657, 660–61 (Tex.Crim.App.), *cert. denied,* 474 U.S. 973, 106 S.Ct. 337, 88 L.Ed.2d 322 (1985). Alternatively, the State insists there was sufficient evidence Green owned the bond and Callahan was notified of the insufficient check. We sustain Callahan's first point of error because there was legally insufficient evidence that Green owned the bond.

■ In addressing Callahan's first point we reject the State's *DeGarmo* argument because Callahan admitted he was guilty of the theft of services but not of the theft of property as alleged in the indictment. *See McGlothlin v. State,* 896 S.W.2d 183, 186 (Tex.Crim.App.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 219, 133 L.Ed.2d 150 (1995); *Smyth v. State,* 634 S.W.2d 721, 724 (Tex. Crim.App.1982).

In reviewing Callahan's legal sufficiency of the evidence points we view the evidence in the light most favorable to the verdict. *See Narvaiz v. State,* 840 S.W.2d 415, 423 (Tex. Crim.App.1992), *cert. denied,* 507 U.S. 975, 113 S.Ct. 1422, 122 L.Ed.2d 791 (1993). After so viewing the evidence our concern is whether or not the jury could have found the essential elements of the offense beyond a reasonable doubt. There is no proof of Green's ownership that meets this standard.

■ To prove Green owned the bond the State had to either prove he had title to the

bond, possession of the bond, or a greater right to its possession than Callahan. *See* TEX. PENAL CODE ANN. § 1.07(35)(A) (Vernon 1994). The State proved none of these alternatives. Green denied that Callahan had ever taken any property from him. Green denied the bond was his property, and, consequently, agreed that there was no way Callahan could have stolen it from him. Green described the bond as a service rather than property. There was no evidence Green ever had possession of the bond. Green testified he "wrote the bond," but there was no evidence he provided it. The bond was on a form that bore the notation, "DENTON COUNTY APPEARANCE BOND." Neither Green's name nor the name of his bonding agency was printed on the form. Instead, the form included blank spaces for all of the information specifically related to a particular bond, including the identity of the surety or bondsman. In disavowing ownership of the bond form Green testified, "[t]hey give them to us." Viewed in the context of Green's total testimony it appears "they" was a reference to Denton County Sheriff's personnel. In sum, there is no evidence to prove beyond a reasonable doubt that Green had title to or possession of the bond. We sustain Callahan's first point of error. In light of our holding on this point, we need not address point two.

Because Callahan's conviction must be reversed for insufficiency of the evidence to support the finding of his guilt, this case is remanded to the trial court with an order to enter judgment of acquittal. *See Burks v. United States*, 437 U.S. 1, 16–18, 98 S.Ct. 2141, 2149–51, 57 L.Ed.2d 1, 12–14 (1978).