TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00609-CR


NO. 03-98-00610-CR







Alfred Alphonso Moore, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURTS OF BELL COUNTY, 27TH & 264TH JUDICIAL DISTRICTS


NOS. 47,505 & 46,769, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING







Appellant Alfred Alphonso Moore pleaded no contest and judicially confessed to
indictments accusing him of aggravated assault with a deadly weapon. Tex. Penal Code Ann.
§ 22.02 (West 1994). The district court adjudged him guilty and, pursuant to a plea bargain,
assessed punishment in each cause at imprisonment for ten years. Moore now contends the district
court abused its discretion by overruling his motion to withdraw his pleas on the ground that they
were not knowingly and voluntarily made.

The State says these appeals should be dismissed for want of jurisdiction because
Moore failed to comply with Texas Rule of Appellate Procedure 25.2(b)(3). We have held,
however, that an appellant need not comply with the rule in order to appeal the voluntariness of
a plea of guilty or no contest. See Hernandez v. State, No. 03-98-00279-CR (Tex. App.--Austin
Mar. 4, 1999, pet. filed) (citing Flowers v. State, 935 S.W.2d 131, 133-34 (Tex. Crim. App.
1996)). We also find no merit in the State's argument that, under the DeGarmo rule, Moore
waived any error with regard to the voluntariness of his pleas when he admitted his guilt at the
punishment hearing. See DeGarmo v. State, 691 S.W.2d 657, 661 (Tex. Crim. App. 1985). The
DeGarmo doctrine has been severely limited. See Leday v. State, 983 S.W.2d 713 (Tex. Crim.
App. 1998). Leday states that the DeGarmo doctrine cannot be invoked to estop a defendant from
complaining on appeal that his constitutional privilege against self-incrimination was violated. See
id. at 725; U.S. Const. amend. V. An involuntary guilty plea violates that privilege. See Brady
v. United States, 397 U.S. 742, 748 (1970). 

After Moore's pleas and judicial confessions were accepted by the court, the causes
were continued to allow the preparation of a presentence investigation report. Thereafter, Moore
hired new counsel and filed motions to withdraw his pleas. At the hearing on these motions,
Moore testified that his previous attorney, Scott Stevens, encouraged him to accept the State's plea
bargain offer made the morning Moore's jury trial was scheduled to begin. According to Moore,
Stevens told him that this would give him more time to think about the case and that "one of [his]
rights was that [he] could always change [the] plea." Moore testified that he understood Stevens
to say that he had an absolute right to withdraw his pleas of no contest at a later time and to
proceed with a jury trial. 

Stevens also testified at the hearing. He recalled his conversation with appellant
as follows: "The only thing . . . I told him that morning was that he could change his mind any
time up until we saw the Judge that morning. That after we saw the Judge that morning that there
would not be any going back, he would have time to get witnesses here for sentencing purposes
but that we would not be able to undo this unless the Judge gave us permission."

When the trial court has accepted the defendant's plea of guilty or no contest and
heard his judicial confession, and the only issue remaining is the determination of punishment, the
defendant's request to withdraw the plea is addressed to the court's discretion. Jackson v. State,
590 S.W.2d 514, 515 (Tex. Crim. App. 1979); Thompson v. State, 852 S.W.2d 268, 270 (Tex.
App.--Dallas 1993, no pet.). And when the record reflects that the trial court properly
admonished the defendant, as it does in this cause, there is a prima facie showing that the plea was
knowing and voluntary; the burden is on the defendant to demonstrate otherwise. Solis v. State,
945 S.W.2d 300, 302 (Tex. App.--Houston [1st Dist.] 1997, pet. ref'd).

Moore's claim that he was misinformed by counsel does not alone sustain the claim
that his plea was involuntary. See Fimberg v. State, 922 S.W.2d 205, 208 (Tex. App.--Houston
[1st Dist.] 1996, pet. ref'd). In the opinion on which Moore relies, the defendant's attorney
effectively corroborated the involuntariness claim by admitting that he might have led the
defendant to believe that a guilty plea could be withdrawn at any time. See Rivera v. State, 952
S.W.2d 34, 35 (Tex. App.--San Antonio 1997, no pet.). In this cause, on the other hand, Stevens
denied telling Moore that he could withdraw his plea. To the contrary, Stevens testified that he
told Moore "there would not be any going back" after the court accepted the plea. The credibility
of the witnesses was a question for the district court in the exercise of its discretion. On this
record, appellant has not shown that his no contest pleas were involuntarily made or that the
district court abused its discretion by refusing to allow him to withdraw the pleas. The points of
error are overruled.

The judgments of conviction are affirmed.



 

 Bea Ann Smith, Justice

Before Justices Jones, B. A. Smith and Yeakel

Affirmed

Filed: May 6, 1999

Do Not Publish



abused its discretion by overruling his motion to withdraw his pleas on the ground that they
were not knowingly and voluntarily made.

The State says these appeals should be dismissed for want of jurisdiction because
Moore failed to comply with Texas Rule of Appellate Procedure 25.2(b)(3). We have held,
however, that an appellant need not comply with the rule in order to appeal the voluntariness of
a plea of guilty or no contest. See Hernandez v. State, No. 03-98-00279-CR (Tex. App.--Austin
Mar. 4, 1999, pet. filed) (citing Flowers v. State, 935 S.W.2d 131, 133-34 (Tex. Crim. App.
1996)). We also find no merit in the State's argument that, under the DeGarmo rule, Moore
waived any error with regard to the voluntariness of his pleas when he admitted his guilt at the
punishment hearing. See DeGarmo v. State, 691 S.W.2d 657, 661 (Tex. Crim. App. 1985). The
DeGarmo doctrine has been severely limited. See Leday v. State, 983 S.W.2d 713 (Tex. Crim.
App. 1998). Leday states that the DeGarmo doctrine cannot be invoked to estop a defendant from
complaining on appeal that his constitutional privilege against self-incrimination was violated. See
id. at 725; U.S. Const. amend. V. An involuntary guilty plea violates that privilege. See Brady
v. United States, 397 U.S. 742, 748 (1970). 

After Moore's pleas and judicial confessions were accepted by the court, the causes
were continued to allow the preparation of a presentence investigation report. Thereafter, Moore
hired new counsel and filed motions to withdraw his pleas. At the hearing on these motions,
Moore testified that his previous attorney, Scott Stevens, encouraged him to accept the State's plea
bargain offer made the morning Moore's jury trial was scheduled to begin. According to Moore,
Stevens told him that this would give him more time to think about the case and that "one of [his]
rights was that [he] could always change [the] plea." Moore testified that he understood Stevens
to say that he had an absolute right to withdraw his pleas of no contest at a later time and to
proceed with a jury trial. 

Stevens also testified at the hearing. He recalled his conversation with appellant
as follows: "The only thing . . . I told him that morning was that he could change his mind any
time up until we saw the Judge that morning. That after we saw the Judge that morning that there
would not be any going back, he would have time to get witnesses here for sentencing purposes
but that we would not be able to undo this unless the Judge gave us permission."

When the trial court has accepted the defendant's plea of guilty or no contest and
heard his judicial confession, and the only issue remaining is the determination of punishment, the
defendant's request to withdraw the plea is addressed to the court's discretion. Jackson v. State,
590 S.W.2d 514, 515 (Tex. Crim. App. 1979); Thompson v. State, 852 S.W.2d 268, 270 (Tex.
App.--Dallas 1993, no pet.). And when the record reflects that the trial court properly
admonished