NO. 07-04-0235-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 8, 2005

_____

BENNY JOE ALVAREZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 45,644-A; HONORABLE HAL MINER, JUDGE

_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Following a not guilty plea, appellant Benny Joe Alvarez was convicted by a jury of

aggravated assault with a deadly weapon and sentenced to 27 years confinement.  In

presenting this appeal, counsel has filed an *Anders*[1] brief in support of a motion to withdraw.  We grant counsel's motion and affirm.

In support of his motion to withdraw, counsel certifies he has diligently reviewed the record, and in his opinion, the record reflects no reversible error upon which an appeal can be predicated.  Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.--San Antonio 1984, no pet.).  Thus, he concludes the appeal is frivolous.  In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the court's judgment.  Counsel has also shown that he sent a copy of the brief to appellant and informed appellant that, in counsel's view, the appeal is without merit.  In addition, counsel has demonstrated that he notified appellant of his right to review the record and file a *pro se* response if he desired to do so.  Appellant did not file a response.  Neither did the State favor us with a brief.

Appellant was charged with assaulting his wife with a knife on the morning of January 1, 2002.  At trial, the State presented evidence that the victim and appellant began arguing after arriving home from an evening at a local bar.  Appellant's stepdaughter testified that she witnessed the argument and saw appellant trying to suffocate her mom with a pillow.  She yelled for appellant to stop, and appellant left the room.  He then returned to the room with a knife and stabbed the victim 37 times in the neck and back.

---

[1]Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

After appellant had left, the stepdaughter ran to her grandmother's house and informed her that appellant had just stabbed her mom. Appellant was subsequently arrested, and after hearing the evidence, a jury found him guilty of assault with a deadly weapon. During the punishment phase, appellant took full responsibility for the assault, admitting that he was sick and had recently used methamphetamine. Following his conviction and sentence, appellant filed a notice of appeal.

By his *Anders* brief, counsel contends there are no arguable grounds for appeal. As a basis for his conclusion, counsel cites DeGarmo v. State, 691 S.W.2d 657, 661 (Tex.Cr.App. 1985), which provides that an appellant is estopped from complaining about any error occurring at the guilt/innocence phase of a trial if he admits his guilt to the charged offense during the punishment phase of the trial. Thus, when appellant testified and admitted his guilt, the purpose of the trial process had been served, *i.e.*, the truth had been determined, and appellant was estopped from raising reversible error on appeal.

However, in Leday v. State, 983 S.W.2d 713, 725 (Tex.Cr.App. 1998), the *DeGarmo* doctrine was reconsidered and its application was restricted to allow appellate review of fundamental guaranties that were "made to preserve a value . . . seen to be more important than the discovery of the truth. . . ." *Accord* Reyes v. State, 994 S.W.2d 151 (Tex.Cr.App 1999). The court determined that admissions of guilt at the punishment phase should not be viewed as waivers of several types of trial errors, including challenges to the admission of evidence and the legal sufficiency of the evidence. *See id.* at 721-22. Pursuant to

*Leday*, this Court is required to determine whether appellant asserts any fundamental rights or basic guaranties, or whether the truth-finding function prevails to estop him from presenting his issues on appeal. Gutierrez v. State, 8 S. W.3d 739, 745 (Tex.Cr.App. 1999).

Applying this standard, we have made an independent examination of the entire record to determine whether there are any arguable grounds which might support this appeal. *See* Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Cr.App. 1991). We have found no such grounds and agree with counsel that the appeal is frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.