NO. 07-06-0463-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JANUARY 9, 2007


______________________________



MARVIN REINOSHEK, APPELLANT



V.



BRANDT ENGINEERING COMPANY, INC. AND BRANDT ENGINEERS, APPELLEES


_________________________________



FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;



NO. 55,168-C; HONORABLE PATRICK PIRTLE, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

ON MOTION TO DISMISS
 

 Pending before this Court is appellant's motion to withdraw his notice of appeal. 
TEX. R. APP. P. 42.1(a)(1). No decision of this Court having been delivered to date, we
grant the motion. Accordingly, the appeal is dismissed. No motion for rehearing will be
entertained and our mandate will issue forthwith.



 James T. Campbell

 Justice

 



and in his opinion, the record reflects no reversible error upon which an appeal can
be predicated. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493
(1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.--San Antonio 1984, no pet.).
Thus, he concludes the appeal is frivolous. In compliance with High v. State, 573 S.W.2d
807, 813 (Tex.Cr.App. 1978), counsel has candidly discussed why, under the controlling
authorities, there is no error in the court's judgment. Counsel has also shown that he sent
a copy of the brief to appellant and informed appellant that, in counsel's view, the appeal
is without merit. In addition, counsel has demonstrated that he notified appellant of his right
to review the record and file a pro se response if he desired to do so. Appellant did not file
a response. Neither did the State favor us with a brief.

 Appellant was charged with assaulting his wife with a knife on the morning of
January 1, 2002. At trial, the State presented evidence that the victim and appellant began
arguing after arriving home from an evening at a local bar. Appellant's stepdaughter
testified that she witnessed the argument and saw appellant trying to suffocate her mom
with a pillow. She yelled for appellant to stop, and appellant left the room. He then
returned to the room with a knife and stabbed the victim 37 times in the neck and back. 
After appellant had left, the stepdaughter ran to her grandmother's house and informed her
that appellant had just stabbed her mom. Appellant was subsequently arrested, and after
hearing the evidence, a jury found him guilty of assault with a deadly weapon. During the
punishment phase, appellant took full responsibility for the assault, admitting that he was
sick and had recently used methamphetamine. Following his conviction and sentence,
appellant filed a notice of appeal.

 By his Anders brief, counsel contends there are no arguable grounds for appeal. 
As a basis for his conclusion, counsel cites DeGarmo v. State, 691 S.W.2d 657, 661
(Tex.Cr.App. 1985), which provides that an appellant is estopped from complaining about
any error occurring at the guilt/innocence phase of a trial if he admits his guilt to the
charged offense during the punishment phase of the trial. Thus, when appellant testified
and admitted his guilt, the purpose of the trial process had been served, i.e., the truth had
been determined, and appellant was estopped from raising reversible error on appeal. 

 However, in Leday v. State, 983 S.W.2d 713, 725 (Tex.Cr.App. 1998), the DeGarmo
doctrine was reconsidered and its application was restricted to allow appellate review of
fundamental guaranties that were "made to preserve a value . . . seen to be more important
than the discovery of the truth. . . ." Accord Reyes v. State, 994 S.W.2d 151 (Tex.Cr.App
1999). The court determined that admissions of guilt at the punishment phase should not
be viewed as waivers of several types of trial errors, including challenges to the admission
of evidence and the legal sufficiency of the evidence. See id. at 721-22. Pursuant to
Leday, this Court is required to determine whether appellant asserts any fundamental rights
or basic guaranties, or whether the truth-finding function prevails to estop him from
presenting his issues on appeal. Gutierrez v. State, 8 S. W.3d 739, 745 (Tex.Cr.App.
1999). 

 Applying this standard, we have made an independent examination of the entire
record to determine whether there are any arguable grounds which might support this
appeal. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988);
Stafford v. State, 813 S.W.2d 503, 511 (Tex.Cr.App. 1991). We have found no such
grounds and agree with counsel that the appeal is frivolous. Currie v. State, 516 S.W.2d
684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

 Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the
trial court is affirmed.

 Don H. Reavis

 Justice


Do not publish. 
1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).