IN THE COURT OF CRIMINAL APPEALS

OF TEXAS






NO. PD-1466-11






JONATHAN JACOBSON, Appellant


v.


THE STATE OF TEXAS







ON DISCRETIONARY REVIEW

FROM THE SEVENTH COURT OF APPEALS

 FROM LUBBOCK COUNTY






 Womack, J., filed a dissenting opinion in which Keller, P.J., and Keasler, J., joined.



 In this case we have been asked to determine whether Leday v. State's (1) exceptions to De
Garmo v. State (2) should be extended to a broader class of guilt-phase errors. The Court says that
they should be extended to all errors. As the author of the Leday opinion, I respectfully disagree. 

 I agree with learned commentators that the application of the De Garmo doctrine should
consider the values that underlie the law that the trial court failed to follow.

 As Leday suggested, the crux of the  issue is the extent to which reliable
assurance that the convicted defendant is guilty justifies barring that defendant
from raising claims of error in the guilt-innocence determination. Leday relied
heavily upon the conclusion that claims of error often enough invoked values
other than trial accuracy to require a conclusion that such admissions never justify
preclusion of this sort. This conclusion is questionable. Leday never carefully
identified what values are served by appellate review of various claims of error or
explained how preclusion of such review would affect the law's ability to pursue
these values.

 The rule barring use of a reliable but involuntary confession is, as Leday
indicated, a rule that serves objectives other than the accuracy of the outcome of
the trial. Would barring defendants who admit guilt at punishment from seeking
relief from use of such confessions at the guilt trials impair the ability of the law
to implement those values? If all that is at issue is the need to discourage judges
from erroneously admitting such confessions, perhaps barring guilty appellants
from obtaining review would not impair the deterrent effect of appellate review in
general. But perhaps a guilty defendant whose guilt trial was tainted by the use of
such a confession is entitled to personal relief in order to implement these other
values.

 Despite its extensive discussion, Leday arguably failed to come to grips
with the real issue underlying the DeGarmo [sic] Doctrine. (3)


 Today the Court not only omits such a thoughtful consideration, but delivers dicta that
seek to foreclose even the possibility of undertaking such consideration in the future. We should
welcome the possibility of building on Leday.

 As for this case, I agree with the Court of Appeals that the prosecutor's argument to the
jury is not in the class of errors to which Leday applies. It is not included in Leday's list of
violations, and the appellant has not argued any due-process concerns or fundamental individual
rights that should override the truth-finding function of the trial. That the State criticized defense
counsel's argument as one that was twisting and turning and filling in the holes to make it work
was not a constitutional violation that put the appellant in the "cruel trilemma" which we
addressed in Leday. (4) I would hold that the courts below did not err in finding that the appellant's
complaint was forfeited.


Filed February 6, 2013.

Publish.
1. 983 S.W.2d 713 (Tex. Cr. App. 1998).
2. 691 S.W.2d 657 (Tex. Cr. App. 1985).
3. George E. Dix & John M. Schmolesky, 43A Texas Practice -- Criminal Practice and Procedure § 53.163
(3d ed. 2011).
4. Leday, 983 S.W.2d, at 723.